## SIMCOE v KAMPF HERBAL LABORATORIES CO

Ohio Appeals, 1st Dist, Hamilton Co

No 4931. Decided Dec 23, 1935

M. Froome Barbour, Cincinnati, for Plaintiff in error.

Alfred Pfau, Cincinnati, for Defendants in error.

## OPINION

By MATTHEWS, J.

This action instituted in the court of common pleas of Hamilton County was an action by a stockholder suing on behalf of

herself and all other stockholders, charging misconduct on the part of William E. Kampfmueller as an officer of the corporation, and seeking an accounting by him, and in effect, a liquidation of the business and assets of the corporate defendant through the appointment of a receiver for that purpose. In addition she set out that she had obtained a judgment against the corporation for $2210.92 and costs, upon which execution had been issued and returned unsatisfied, that the corporation was insolvent and that the equitable powers of the court were invoked to prevent the dissipation of the assets for the benefit of its creditors. In these two respects, the action was a "class action" for the benefit of all stockholders and creditors.

Added to these allegations were other averments that the individual defendant induced her through false and fraudulent representations to advance the money to the corporation for which she had secured a judgment against it, and she prayed for a personal judgment against him therefor.

There was manifestly a misjoinder of causes of action. 1 Ohio Jur. 379. No objection was made to this misjoinder, receivers were appointed and apparently the entire assets of the corporation liquidated. In the process an order was made directing the receivers to pay to the plaintiff $97.92 and deliver to her a $1000.00 Liberty Bond on the theory that the evidence showed that the original amount she had paid was not a loan but a deposit in trust which had been traced.

After this had been done the plaintiff by leave of court on May 16th, 1934, filed an amended petition making the same allegations of fraud and misapplication of the money and seeking judgment for the balance against the Executrix of the individual defendant who had died during the pendency of the action. This amended petition also contained allegations that the individual defendant had misrepresented that there was a corporation, when as a matter of fact there was none.

No answer was filed to this amended petition, but there was on file an answer to a supplemental petition, which seemingly was considered as an answer to the amended petition. It contained averments that controverted the averments of the amended petition. In any event a trial was had at which the allegations of the amended petition were deemed to be traversed. The cause came on for hearing and was submitted to the court "upon the amended petition and the answer to said amended petition" and, thereupon the court in form rendered judgment for the defendant on March 12th, 1935. Within three days a motion for a new trial was filed, which was overruled on May 3rd, 1935 and it was then "Ordered that plaintiff's petition be dismissed and that the defendant, Frieda Kampfmueller, Executrix of the Estate of William E. Kampfmueller, deceased, recover her costs herein expended."

The bill of exceptions was filed on June 7th, 1935, and the petition in error was filed in this court on July 6th, 1935, which is within 70 days of the overruling of the motion for a new trial, but more than 70 days after the entry of March 12th, 1935.

The defendant in error has moved to dismiss this proceeding on the ground that it was not filed within 70 days of the entering of the judgment. The decision of this motion depends on whether the action was in chancery. If it was, the ruling of the court of March 12th, 1935, must be regarded as the judgment of the court from which time began to run. If the action was not in chancery, the ruling of the court on March 12th, 1935, can be regarded as no more than a finding upon which a judgment could not be rendered until the expiration of the succeeding three days, during which a motion for a new trial could be filed, and, if such a motion was filed during that time, until the overruling of such motion. Richards v Boedker, 124 Oh St 12.

While one phase of the action set forth in the original petition was equitable in its nature, this was completely disposed of in the common pleas court. The amended petition upon which the action was tried, from which these proceedings were instituted, stated an action to recover a personal judgment for money only. She charged that there was no corporation, and, abandoning the representative features of her original petition, sought relief in the form of a money judgment for herself alone. It was, therefore, not a chancery case. Time did not begin to run until the judgment for costs entered on May 3rd, 1935, at which time the motion for a new trial was overruled. This proceeding was therefore instituted in time.

An examination of the record shows abundant evidence that the Kampf Herbal Laboratories Company was at least a de facto corporation. The plaintiff as well as the individual defendant participated as incorporators in its organization, and became

stockholders and directors and participated in meetings of its stockholders and directors. The failure to file the certificate of subscription to the capital stock could not be used by them in the adjustment of their rights inter sese. Only the State could raise the question of that omission.

The judgment of the court was based on a finding that the allegations of the amended petition that there had been misrepresentation had not been proved, either as to the incorporation or the use of the money. We find that the record justifies such a finding.

The judgment of the court of common pleas is affirmed

ROSS, PJ, and HAMILTON, J, concur.